Ambrose H. Purdy, U. S. Asst. Dist. Atty. William Fullerton and William H. Waring, for defendant.

## Case No. 14,779.

### UNITED STATES v. CHAMPION.

[Cited in U. S. v. One Hundred and Twenty-Nine Packages, Case No. 15,941. Nowhere reported; opinion not now accessible.]

## Case No. 14,780.

### UNITED STATES v. CHANA.

[Hoff. Land Cas. 155.] [1]

District Court, N. D. California. June Term. 1856.[2]

MEXICAN LAND GRANT — SUTTER GENERAL TITLE.

The validity of claims under the Sutter general title affirmed in U. S. v. Hensley [unreported].

Claim [by Claude Chana] for four leagues of land in Yuba county [the Rancho Nemshas]; confirmed by the board, and appealed by the United States.

William Blanding, U. S. Atty. Thornton & Williams, for appellee.

HOFFMAN, District Judge. The claim in this case rests upon what is known as the "general title" of Governor Micheltorena. The validity of that title has already been affirmed by this court in the case of U. S. v. Hensley; and the only inquiries that arise are whether the person from whom the claimant derives title was one of those for whose benefit the title issued—whether he has performed the conditions, and whether the land intended to be granted is sufficiently indicated. On the first point the evidence leaves no room for doubt. The documents contained in the expediente and the evidence on file clearly show that Pedro Teodoro Sicard was one of those who petitioned the governor, on whose applications Gen. Sutter had reported favorably, and for whose benefit the general title issued and was delivered to the latter. The copy of the general title which Gen. Sutter delivered to each petitioner in whose favor it had issued is produced, with the certificate of Sutter showing it to be a copy of the original. The board does not seem to have entertained any doubt as to the fact that Sicard was intended to be one of the grantees under the general title. The evidence also shows that the conditions of occupation and cultivation were fully complied with, and the situation and boundaries of the land are indicated with great precision in the petition and diseño which ac-

1 [Reported by Numa Hubert, Esq., and here reprinted by permission.]
2 [Reversed in 24 How. (65 U. S.) 131.]

companies it. The claim was confirmed by the board, and the case has been submitted without argument or objection on the part of the United States to its validity.

We are of opinion that a decree affirming the decision of the board should be entered.

[Reversed by the supreme court. See 24 How. (65 U. S.) 131.]